Harsha, J., concurring:
{¶ 74} I characterize this type of a plea agreement as including a "conditional" sentence, not a dual sentence. The outcome was conditioned upon the fact of complying with bond requirements. It did not impose "dual" sentences, i.e. two sentences. Because Howard agreed to the conditional sentence, I think he's stuck.
{¶ 75} Nonetheless, I agree a more appropriate approach would feature separate charges for failure to appear. And where there is no agreed conditioned sentence, if the court just automatically imposes the maximum sentence, Ohio sentencing statutes and/or due process might require a different result.
Hoover, J., dissenting in part and concurring in part:
{¶ 76} I respectfully dissent in part and concur in part with the lead opinion.
{¶ 77} As for the first assignment of error, I conclude that the trial court erred by denying appellant's presentence motion to withdraw his guilty plea. Accordingly, I would sustain appellant's first assignment of error and reverse the judgment of the trial court.
{¶ 78} As the Ohio Supreme Court has made clear, when a motion to withdraw a plea is made prior to sentencing it shall be "freely and liberally granted." State v. Xie , 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). I also acknowledge that a presentence motion to withdraw a guilty plea need not be automatically granted, and that the decision on the motion is within the trial court's discretion. However, I find it important to note that a defendant is not required to establish a manifest injustice *131 as in the case of a postsentence motion to withdraw.
{¶ 79} Here, the record establishes some evidence that appellant was confused about what plea he was allowed to enter; and he appeared to not fully understand the nature of the charges and the negotiated sentence. Appellant also claims to have a valid defense to the charges. I also note that permitting withdrawal of the guilty plea would minimally prejudice the State-while the harm in denying the motion greatly prejudices appellant. Thus, I believe that these factors, when considered in conjunction with the rule that presentence motions to withdraw a plea are to be treated liberally and freely allowed, tips the balance scales in favor of appellant.
{¶ 80} As for appellant's second assignment of error, the conditional sentence is problematic. The separate offense of failure to appear could have been implemented. However, even the maximum prison sentence for a failure to appear would only have been eighteen months. See R.C. 2929.14(A)(4). If Howard had appeared as he was scheduled, he would have been sentenced to a prison term of five and a half years. Instead, he was sentenced to nine and a half years. Circumstances of the underlying crime never changed between the time that Howard changed his plea to the time that he was actually sentenced; and no new information was learned regarding the circumstances of the crime. Thus, the extra years imposed upon Howard was clearly for his failure to appear. This extra four years of punishment is more than double that which the legislature has deemed should be the punishment for a failure to appear. Nonetheless, I do agree that this was an agreed sentence and that we cannot review the merits of it pursuant to R.C. 2953.08(D)(1).
{¶ 81} For the foregoing reasons, I respectfully dissent from the lead opinion as to appellant's first assignment of error. I concur with the lead opinion with respect to the second assignment of error. Lastly, I decline to express opinion as to the merits of appellant's third assignment of error.